UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

APREL CANGE,

    Plaintiff,

v.                                Case No: 8:23-cv-2759-CEH-TGW

THE BANCORP BANK,

    Defendant.
_____/

# ORDER

This matter comes before the Court on Defendant The Bancorp Bank N.A.'s Unopposed Motion to Compel Arbitration and to Dismiss, or in the alternative, Stay Proceedings (Doc. 20), filed on February 8, 2024. In the motion, The Bancorp Bank requests an order compelling the parties to arbitration and dismissing this action or, in the alternative, staying the action while the parties arbitrate Plaintiff's claims. The Court, having considered the motion and being fully advised in the premises, will grant The Bancorp Bank N.A.'s Unopposed Motion to Compel Arbitration and will stay this action.

## DISCUSSION

Plaintiff, Aprel Change, initiated this action in December 2023, suing Defendant The Bancorp Bank for alleged violations of the Electronic Funds Transfer Act, 15 U.S.C. §§ 1693(g)(a), 1693(g)(e), 1693(f)(e). Doc. 1. On February 8, 2024, Defendant The Bancorp Bank filed its unopposed motion to compel arbitration, citing

to the Arbitration Agreement contained in the Account Agreement between Plaintiff and Bancorp. Doc. 20 at 2. The motion represents that all of Plaintiff's claims are subject to the arbitration agreement and that Plaintiff agrees the action may be stayed or dismissed.

Arbitration agreements are governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. The FAA provides, in relevant part, that, in any lawsuit brought upon any issue that is "referable" to arbitration under an arbitration agreement, the Court, upon satisfaction that the issue is referrable to arbitration under such agreement, must stay the trial of the action on application of a party until such arbitration has been held under the terms of the agreement. 9 U.S.C. § 3. The Eleventh Circuit has highlighted the propriety of staying an action pending arbitration in accordance with this section. *See Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) ("The district court properly found that state law claims were subject to arbitration; but erred in dismissing the claims rather than staying them. Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration."); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) (stating that the "FAA's enforcement sections require a court to stay a proceeding where the issue in the proceeding 'is referable to arbitration'" under a written arbitration agreement). The Court will stay this action pending arbitration.

Accordingly, it is

**ORDERED**:

1. Defendant The Bancorp Bank N.A.'s Unopposed Motion to Compel Arbitration and to Dismiss, or in the alternative, Stay Proceedings (Doc. 20) is **GRANTED**.

2. Plaintiff, Aprel Change, is compelled to arbitrate her claims against Defendant The Bancorp Bank, N.A.

3. This action is **STAYED** pending arbitration of Plaintiff's claims.

4. The parties shall file a notice informing the Court that the arbitration has concluded, or that their dispute has otherwise been resolved, within fourteen (14) days of either of such event.

5. The Clerk is directed to terminate any pending motions and deadlines and administratively **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on February 21, 2024.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any